HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIERCE, INC., a Washington corporation<br><br>Plaintiff,<br><br>vs.<br><br>FRANKLIN COVEY CO., a Utah corporation<br><br>Defendant. | CIVIL ACTION NO. 2:18-cv-01449-MJP<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 16, 2018** |

Defendant respectfully requests that pursuant to Rule 201 of the Federal Rules of Evidence,[1] this Court take judicial notice of the existence of: (1) Public Records from the United States Patent and Trademark Office ("USPTO"); (2) Defendant's book – Fierce Loyalty: Cracking the

---

[1] **Fed. R. Evid. 201**
**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
   **(1)** is generally known within the trial court's territorial jurisdiction; or
   **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
**(c) Taking Notice.** The court:
   **(1)** may take judicial notice on its own; or
   **(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.
**(d) Timing.** The court may take judicial notice at any stage of the proceeding.

Request for Judicial Notice - 1
2:18-cv-01449-MJP

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Code to Consumer Devotion, as listed on Amazon.com; (3) the multiple editions and formats of Plaintiff's book: <u>Fierce Conversations Achieving Success at Work and in Life, One Conversation at a Time</u>; (4) both parties' websites; and (5) the Merriam Webster definition of "fierce."

**(1) Public Records from the USPTO.**

Federal Rule of Evidence 201(b) outlines the "kinds of facts" that may be judicially noticed, including: ". . . a fact that is not subject to reasonable dispute because it . . . is generally known . . . [or] can be accurately and readily determined." Fed. R. Evid. 201(b).

Courts consistently take judicial notice of matters of public record. *E.g., Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (2018) ("[a]ccordingly, '[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment[]") (taking judicial notice of patent application) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). "Relevant matters, such as public records and papers filed with public administrative bodies, may be subject to judicial notice on a Rule 12(b)(6) motion." *Biagro W. Sales, Inc. v. Helena Chem.Co.*, 160 F. Supp. 2d 1136, 1143 (E.D. Cal. 2001) (taking notice of two patents filed with USPTO).

Notably, this Court may take judicial notice at any stage of the proceeding, Fed. R. Evid. 201(d), including on a motion to dismiss. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (court may take judicial notice of matters outside the pleadings). *E.g., In re Violin Memory Sec. Litig.*, No. 13-CV-5486 YGR, 2014 U.S. Dist. LEXIS 155428, at *19 (N.D. Cal. 2014) (on 12(b)(6) motion, taking judicial notice of documents referenced to but not included in complaint).

Request for Judicial Notice - 2
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Because these public records are not "not subject to reasonable dispute" and "can be accurately and readily determined" this Court should take judicial notice of the trademark registrations and applications downloaded from the USPTO website and attached as Exhibits 1-9 to the Declaration of Erin C. Kolter in Support of Defendant's Motion to Dismiss, filed concurrently herewith.

**(2) Defendant's book <u>Fierce Loyalty: Cracking the Code to Consumer Devotion</u> on Amazon.com.**

All of Plaintiff's claims center around Defendant's release of its book <u>Fierce Loyalty: Cracking the Code to Consumer Devotion.</u> (*See* Dkt. 1 ("Complaint") ¶ 30, explaining the reason for filing as "Plaintiff very recently became aware that Defendant . . . will be releasing a book); *see also* ¶ 34 (explaining Defendant's book "already appears on Amazon.com"), ¶ 41 (claiming book is infringing)).

This Court may take judicial notice of facts that are "not subject to reasonable dispute" because the facts are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Additionally, this Court may take judicial notice of material incorporated in the Complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (2007) (explaining that courts' rulings on 12(b)(6) motions to dismiss may take into consideration "documents incorporated into the complaint by reference"); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (explaining that materials referenced in the complaint are "not truly 'outside' the complaint").

Because the release of <u>Fierce Loyalty: Cracking the Code to Consumer Devotion</u> triggered this lawsuit and because the Complaint explicitly references that the book appears on

Request for Judicial Notice - 3
2:18-cv-01449-MJP

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Amazon, Complaint ¶ 34, this Court should take judicial notice of the referenced Amazon page, which offers the book for pre-orders.  *See* Ex. 17 to the Declaration of Erin C. Kolter in Support of Defendant's Motion to Dismiss, filed concurrently herewith (a true and correct copy of a printout of a webpage for pre-ordering the book Fierce Loyalty: Cracking the Code to Consumer Devotion from amazon.com).

**(3) The multiple editions and formats of Plaintiff's book: Fierce Conversations, Achieving Success at Work and in Life, One Conversation at a Time.**

Plaintiff's claims rely upon the alleged infringement of its books' titles and Plaintiff's alleged trade dress protection of its books' appearances, therefore, the title and appearance of the books are central to the allegations of the Complaint.  (*See* Complaint ¶ 19 (asserting orange trade dress over books), ¶ 27 (depicting book cover), ¶ 33 (depicting book cover next to Defendant's book), ¶ 34 (citing Defendant's book on amazon.com)).

This Court may take judicial notice of facts that are "not subject to reasonable dispute" because the facts are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2).  The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  Here, judicial notice is warranted for two reasons: (1) the doctrines of completeness and incorporation by reference and (2) the sheer existence of the various publications is beyond dispute.

First, judicial notice is warranted because of the doctrine of incorporation by reference and completeness principles.  Under the doctrine of incorporation by reference, judicial notice is warranted for materials referenced in a complaint.  *See Tellabs, Inc., Ltd.,* 551 U.S. 308 (2007)

Request for Judicial Notice - 4
2:18-cv-01449-MJP

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

(explaining that courts' rulings on 12(b)(6) motions to dismiss may take into consideration "documents incorporated into the complaint by reference"); *Branch*, 14 F.3d at 453 (explaining that materials referenced in the complaint are "not truly 'outside' the complaint"). Additionally, completeness allows a party to complete gaps in the record where an adversary has offered only partial evidence. *Cf.* Fed. R. Evid. 106.

Here, Plaintiff has selectively displayed only one edition of each of its book covers in the complaint to support its supposed "orange" trade dress. (Complaint ¶¶ 27, 33 (depicting just one edition). Specifically, Plaintiff only references the third edition of Fierce Conversations, Achieving Success at Work and in Life, One Conversation at a Time from 2017 in its Complaint: "*Fierce Conversations, Achieving Success at Work & in Life, One Conversation at a Time* (3d ed. 2017)." (Complaint ¶ 27.) Plaintiff's selective illustrations misrepresent the factual reality by depicting only a small piece of the puzzle. This Court should operate with a complete picture, especially of "accurately and readily determined" facts. Fed. R. Evid. 201.

A full catalogue search reveals the complete picture: at least sixteen versions or publications of Fierce Conversations, Achieving Success at Work and in Life, One Conversation at a Time exist, with at least five different cover designs with diverse cover colors and typographies. *See* Exs. 10-15 to the Declaration of Erin C. Kolter in Support of Defendant's Motion to Dismiss, filed concurrently herewith (true and correct copies of printouts showing the "formats and editions" of Fierce Conversations, Achieving Success at Work and in Life, One Conversation at a Time available on amazon.com).

Second, judicial notice is warranted because the simple existence of various editions of Fierce Conversations, Achieving Success at Work and in Life, One Conversation at a Time is not

Request for Judicial Notice - 5
2:18-cv-01449-MJP

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

subject to reasonable dispute and is capable of accurate and ready determination. The Ninth Circuit approved of taking judicial notice of the much broader search results on Amazon in a watch manufacturer's trademark infringement suit against Amazon, on defendant's motion for summary judgment. *See Multi Time Mach., Inc. v. Amazon.com, Inc.,* 792 F3d 1070, (9th Cir. 2015), *sub. op.,* 804 F3d 930 (9th Cir. 2015) (taking judicial notice of watches for sale on Amazon, explaining under Federal Rule of Evidence 201 "Amazon's website is such a source.") (citing *Daniels-Hall v. Nat'l Ed. Ass'n,* 629 F.3d 992, 998-999 (9th Cir. 2010) (taking notice of online prospectus where Complaint quoted prospectus and provided web address). Additionally, material on websites has been judicially noted where facts concerning websites were "capable of ready determination" and "widely available to anyone with Internet access." *See Enter. Rent-A-Car Co. v. U-Haul Int'l,* 327 F. Supp. 2d 1032, 1042 n.4 (E.D. Mo. 2004).

**(4) Both parties' full websites, referenced in Complaint.**

As with its books, Plaintiff's claims rely upon the appearance of both parties' websites. Again, as with its books, Plaintiff has referenced the homepages of each website in the Complaint. *See* Complaint ¶ 20 (citing <https://fierceinc.com/training>), ¶ 32 (citing <https://fierceloyalty.com/>). Again, because neither party is disputing the contents of the websites, the simple existence of their materials are ". . . not subject to reasonable dispute because it . . . is generally known . . . [or] can be accurately and readily determined." Fed. R. Evid. 201(b). Moreover, through the doctrine of incorporation by reference, these websites should be noticed for purposes of the motion to dismiss.

Plaintiff asserts that Defendant's website contents infringe its alleged trade dress. Complaint ¶¶ 32, 41, 43. Plaintiff also alleges that use of the book title on Defendant's website

Request for Judicial Notice - 6
2:18-cv-01449-MJP

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

infringes its alleged trademarks. *See id.*

Plaintiff's claims rely upon the alleged orange trade dress of its own website, to which it references in the Complaint. *See* Complaint ¶ 20 (citing <https://fierceinc.com/training>). Moreover, Plaintiff has selectively incorporated four "examples" of its alleged trade dress, and while not expressly stated, presumably these examples are screenshots from Plaintiff's website. *See id.* ¶ 19. The content of a website can be reviewed by this Court on a motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (explaining that materials referenced in the complaint are "not truly 'outside' the complaint"); *Keithly v. Intelius Inc.,* 764 F. Supp. 2d 1257, 1261 (W.D. Wash. 2011) (on motion to dismiss, considering defendant's screen shots of defendant's web pages which plaintiff incorporated into his complaint); *Castagnola v. Hewlett-Packard Co.*, No. C 11-05772 JSW, 2012 U.S. Dist. LEXIS 82026, at *7-10 (N.D. Cal. 2012) (same). Because the websites were both central to and incorporated in the Complaint, this Court should take judicial notice of their contents for purposes of Defendant's motion to dismiss. *See* Exs. 18-19 to the Declaration of Erin C. Kolter in Support of Defendant's Motion to Dismiss, filed concurrently herewith (true and correct copies of printouts from http://fierceloyalty.com and http://fierceinc.com/).

**(5) Merriam Webster "Fierce" Definition.**

This Court should take judicial notice of the dictionary definition of the word "fierce" as its definition is ". . . a fact that is not subject to reasonable dispute because it . . . is generally known . . . [or] can be accurately and readily determined." Fed. R. Evid. 201(b). Merriam Webster defines the adjective "fierce" as: "furiously active or determined." *See* Ex. 16 to the Declaration of Erin C. Kolter in Support of Defendant's Motion to Dismiss, filed concurrently

Request for Judicial Notice - 7
2:18-cv-01449-MJP

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

herewith (true and correct copy of a printout of the webpage for the Merriam Webster definition of "fierce" from https://www.merriam-webster.com/dictionary/fierce).

**For these reasons, Defendant respectfully requests this Court take notice of:**

(1) Public Records from the USPTO;

(2) Defendant's book – <u>Fierce Loyalty: Cracking the Code to Consumer Devotion</u>, as listed on amazon.com;

(3) The existence of multiple editions and formats of Plaintiff's book: <u>Fierce Conversations, Achieving Success at Work and in Life, One Conversation at a Time</u>;

(4) Both parties' websites; and

(5) the Merriam Webster definition of "fierce."

DATED this 24th day of October, 2018

DORSEY & WHITNEY LLP

*s/ J. Michael Keyes*
J. MICHAEL KEYES WSBA #29215
KEYES.MIKE@DORSEY.COM
ERIN KOLTER WSBA #53365
KOLTER.ERIN@DORSEY.COM
**Dorsey & Whitney LLP**
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

*Attorneys for Defendant Franklin Covey Co.*

Request for Judicial Notice - 8
2:18-cv-01449-MJP

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

Brian W. Esler, WSB No. 22168  
brian.esler@millernash.com  
Vanessa L. Wheeler, WSB No. 48205  
vanessa.wheeler@millernash.com  
Pier 70 ~ 2801 Alaskan Way, Suite 300  
Seattle, Washington 98121  
Tel: 206-624-8300  
Fax: 206-340-9599  

☐ Via Messenger  
☐ Via Facsimile  
☐ Via U.S. Mail  
☐ Via Electronic Mail  
☒ Via ECF Notification  

Dated this 24th day of October, 2018.

*s/ J. Michael Keyes*  
J. Michael Keyes  
Erin Kolter  
Alex Johnston

Request for Judicial Notice - 9  
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**  
COLUMBIA CENTER  
701 FIFTH AVENUE, SUITE 6100  
SEATTLE, WA 98104-7043  
PHONE: (206) 903-8800  
FAX: (206) 903-8820