IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIERCE, INC., a Washington corporation,<br><br>               Plaintiff,<br><br>   vs.<br><br>FRANKLIN COVEY CO., a Utah corporation,<br><br>               Defendant. | CIVIL ACTION No. 2:18-cv-01449-MJP<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 16, 2018** |

Defendant's Reply to Opposition
to Motion to Dismiss
2:18-cv-01449-MJP

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF REPLY ..........................................................1

II. ARGUMENT.....................................................................................................................1

    A. FIERCE'S TRADEMARK CLAIMS ARE DEFICIENT AS A MATTER OF LAW. ..................................................................................................................1

        1. Fierce Has Failed To Allege Any Facts That It Has Protectable Rights in Its Self-Proclaimed "Book Series."................................................1

        2. Fair Use Can Be Decided on a Motion to Dismiss Where The Use is Purely Descriptive........................................................................................3

        3. *Twentieth Century Fox TV* Controls and the First Amendment Protects Franklin Covey's Book Title...........................................................4

    B. PLAINTIFF'S UNREGISTERED TRADE DRESS REMAINS INSUFFICIENTLY VAGUE AND NOW INCLUDES MULTIPLE NEW ELEMENTS INJECTED INTO PLAINTIFF'S RESPONSE. ...............................6

    C. JUDICIAL NOTICE OF PUBLIC RECORDS IS PROPER AND JUDICIAL NOTICE IS OTHERWISE UNCONTESTED. ...................................8

III. CONCLUSION..................................................................................................................8

Defendant's Reply to Opposition
to Motion to Dismiss - i
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chien Ming Huang v. Tzu Wei Chen Food Co.*,
   849 F.2d 1458 (Fed. Cir. 1988)..................................................................................................2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................................2

*Cairns v. Franklin Mint Co.*,
   292 F.3d 1139 (9th Cir. 2002) ...................................................................................................3

*In re Cooper*,
   45 C.C.P.A. 923, 254 F.2d 611 (C.C.P.A. 1958).......................................................................1

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
   11 F.3d 1460 (9th Cir. 1993) .....................................................................................................3

*Eliya, Inc. v. Steven Madden, Ltd.*,
   No. 15-CV-1272 (DRH)(SIL), 2018 U.S. Dist. LEXIS 6110 (E.D.N.Y. Jan.
   11, 2018) ....................................................................................................................................6

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) ...................................................................................................2

*Gordon v. Drape Creative, Inc.*,
   897 F.3d 1184 (9th Cir. 2018) ...........................................................................................4, 5, 6

*Hensley Mfg. v. ProPride, Inc.*,
   579 F.3d 603 (6th Cir. 2009) .....................................................................................................3

*Herman Miller, Inc.v. Palazzetti Imports and Exports, Inc.*,
   270 F.3d 298 (6th Cir. 2001) .....................................................................................................3

*Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*,
   150 F.3d 1042 (9th Cir. 1998) ...................................................................................................2

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) .....................................................................................................8

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*,
   543 U.S. 111 (2004)...................................................................................................................3

Defendant's Reply to Opposition
to Motion to Dismiss - ii
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Rogers v. Grimaldi*,
   875 F.2d 994 (2d Cir. 1989).................................................................................1, 4, 5, 6

*Simon & Schuster v. Dove Audio*,
   970 F. Supp. 279 (S.D.N.Y. 1997)....................................................................................5

*Spin Master, Ltd. v. Zobmondo Entm't, LLC*,
   944 F. Supp. 2d 830 (C.D. Cal. 2012) ..............................................................................1

*Twentieth Century Fox TV v. Empire Distribution*,
   875 F.3d 1192 (2017).............................................................................................3, 4, 5

*Wal-Mart Stores v. Samara Bros.*,
   529 U.S. 205 (2000)..........................................................................................................6

*Warner Bros. Entm't v. Glob. Asylum, Inc.*,
   No. CV 12 - 9547 PSG, 2012 U.S. Dist. LEXIS 185695 (C.D. Cal. Dec. 10,
   2012) .................................................................................................................................5

**Statutes**

Lanham Act § 32, 15 U.S.C. § 1114...........................................................................................6

15 U.S.C. § 1115..........................................................................................................................2

15 U.S.C. § 1115(b)(4) ................................................................................................................3

Lanham Act § 43(a), 15 U.S.C. § 1125(a) ..............................................................................4, 6

**Other Authorities**

37 C.F.R. § 2.71(d) ......................................................................................................................2

TMEP § 1202.05(a) .....................................................................................................................6

TMEP § 1202.08..........................................................................................................................2

Defendant's Reply to Opposition
to Motion to Dismiss - iii
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I.  INTRODUCTION AND SUMMARY OF REPLY

Plaintiff's response to the motion to dismiss makes matters worse—not better—for Plaintiff. Plaintiff does not have trademark registrations for the use of "Fierce" as a book or for the use of "Fierce Loyalty" in any respect. Plaintiff has not sufficiently alleged plausible claims of common law infringement of its "Family of Marks" or as to its inarticulate orange trade dress.

Additionally, Franklin Covey's use is proper in at least two ways. First, use of the adjective "fierce" in its forthcoming book *Fierce Loyalty: Cracking the Code to Customer Devotion* and auxiliary promotional materials is a purely descriptive use of the adjective "fierce." Second, Franklin Covey's book title receives heightened protection under the *Rogers* test as articulated by the Ninth Circuit Court of Appeals. For these reasons, Franklin Covey respectfully requests this Court grant its Motion. The case should be dismissed forthwith.

## II.  ARGUMENT

### A.  FIERCE'S TRADEMARK CLAIMS ARE DEFICIENT AS A MATTER OF LAW.

#### 1.  Fierce Has Failed To Allege Any Facts That It Has Protectable Rights in Its Self-Proclaimed "Book Series."

In response to the motion to dismiss, Plaintiff now asserts it has common law trademark rights: "Fierce has already alleged *a series of book titles*." (Dkt. 15 ("Opp.") at 2, 15.) (emphasis supplied.) In fact, the only mention of any "series" in Plaintiff's Complaint referred to Defendant's "series." (Dkt. 1 ("Compl.") ¶ 29 ("FranklinCovey is well-known for its "7 Habits" *series* of books"); *see also* ¶ 32.) (emphasis supplied.) This brand new argument fails for multiple reasons.

First, Plaintiff has not alleged any trademark registrations for its so-called "book series."[1]

---

[1] Despite its grandiose claim that Plaintiff could theoretically register its books *individually* as trademarks (upon a showing of secondary meaning), Plaintiff cannot register a trademark for single book title. (*See* Opp. at 13-15); *see also Spin Master, Ltd. v. Zobmondo Entm't, LLC*, 944 F. Supp. 2d 830, 853 (C.D. Cal. 2012) (citing *Herbko Int'l, Inc. v. Kappa Books, Inc.,* 308 F.3d 1156, 1162-63 (Fed. Cir. 2002)) ("The title of a single book cannot be a trademark because it does not 'serve as a source identifier' that creates 'an association between the book's title (the alleged mark) and the source of the book (the publisher).'"); *In re Cooper*, 45 C.C.P.A. 923, 930, 254 F.2d 611 (C.C.P.A. 1958) (". . . titles

Defendant's Reply to Opposition
to Motion to Dismiss - 1
2:18-cv-01449-MJP

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

(*See* Compl. Exs. A-L.)  Without trademark registrations for its book series, Plaintiff enjoys no presumption of ownership or validity.  *See* 15 U.S.C. § 1115.  Thus, Plaintiff must allege facts to establish both.  Plaintiff has failed to do so.  Regarding supposed "ownership" of the series, Plaintiff points to the recent trademark applications that were "mistake[nly]" filed in the name of Ms. Susan Scott but later "assign[ed]" to Fierce. (*See* Dkt. 11 (Plaintiff's Motion for Preliminary Injunction) at 7, n.2.)  Those applications are meaningless and do not establish ownership.  Trademark applications filed in the name of the <u>wrong party</u> (whether innocently or otherwise) are void *ab initio*.  37 C.F.R. § 2.71(d) ("[a]n application filed in the name of an entity that did not own the mark as of the filing date of the application is void".)[2]  Those invalid applications are not a proxy for establishing ownership.

Further, Plaintiff has not alleged any facts to establish that its purported book title "series" is protectable.  An unregistered book series is only protectable if it is: (1) inherently distinctive; or (2) has secondary meaning.  *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 at n.7 (9th Cir. 1998).  Fierce failed to allege facts to support either theory of protection.  Plaintiff simply asserts "the consuming public has come to recognize services and goods sold under FIERCE Marks and/or trade dress[.]"  (Compl. ¶ 25.)  These are exactly the type of threadbare recitals that are insufficient as a matter of law.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (*per curiam*) (A court is also not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'") (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Plaintiff's 11th hour "book series" claim fails as a matter of law.[3]

---

of books are mere names, and hence not trademarks. . ."); *see also* TMEP § 1202.08 ("The title of a single creative work is not registrable on either the Principal or Supplemental Register.").

[2]  Ms. Scott's affiliation with or ownership of Plaintiff is irrelevant. *See Chien Ming Huang v. Tzu Wei Chen Food Co.*, 849 F.2d 1458, 1460 (Fed. Cir. 1988). The entity that actually owns the marks needs to be the entity listed on the application.

[3]  Curiously, Plaintiff devotes much ink to Franklin Covey's prior litigation involving its "7 Habits" books series.  (*See* Opp. at 14-15.)  Apparently, the argument is that because Franklin Covey has successfully

Defendant's Reply to Opposition
to Motion to Dismiss - 2
2:18-cv-01449-MJP

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

### 2. Fair Use Can Be Decided on a Motion to Dismiss Where The Use is Purely Descriptive.

"Classic fair use" is a statutory defense to trademark infringement. 15 U.S.C. § 1115(b)(4); *Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1150 (9th Cir. 2002). Classic fair use applies where a defendant uses the plaintiff's mark only to describe defendant's own product, and not at all to describe the plaintiff's product. *Id.* Under the classic fair use doctrine, "the holder of a trademark *cannot* prevent others from using the word that forms the trademark in its *primary* or *descriptive* sense." *Herman Miller, Inc.v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 319 (6th Cir. 2001). The defense can be applied by the court on a motion to dismiss. *See, e.g., In re Dual-Deck Video Cassette Recorder Antitrust Litig.,* 11 F.3d 1460, 1467 (9th Cir. 1993) (affirming dismissal "as a matter of law" on classic fair use where "[n]o possibility existed that a person would buy the plainly labelled JVC receiver thinking that it was made by Go-Video"); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 612 (6th Cir. 2009) (applying classic fair use to affirm dismissal of complaint).

Additionally, the Supreme Court has recognized that the classic fair use defense contemplates and tolerates "some possibility of consumer confusion." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc*., 543 U.S. 111, 121 (2004). Plaintiff's vague allegation of one unidentified consumer's supposed "confusion"—even if that is true—is tolerable. (Compl. ¶ 38.)[4]

---

asserted trademark rights in a book series, then Plaintiff must stand on equal footing in doing likewise. Setting aside the faulty logic, Franklin Covey's prior cases are easily distinguishable. Importantly, unlike the unregistered status of Plaintiff's marks for use as books, Franklin Covey has registered its own "7-Habits" marks **for use on books**. In each case referenced by Plaintiff, Franklin Covey asserted **multiple registered trademarks for books (i.e. a series)**. *See* Kolter Supp. Decl. Ex. 20 (complaint included as Ex. T to the Summers Decl. (Dkt. No. 12-20) with attached trademark registration exhibits) at Exhibits 1, 2, and 4 (three registered trademarks "[f]or publications, namely books…"); *Id.* at Ex. 21 at Exhibits 1, 3, and 4 (complaint included as Ex. V to the Summers Decl. (Dkt. No. 12-22) with attached trademark registration exhibits) at Exhibits 1, 3, 4 (three registered trademarks "[f]or publications, namely books…").

[4] We now know, based on Plaintiff's Preliminary Injunction filing, that the one supposed instance of "confusion" is based on a double, inadmissible hearsay statement of an unidentified customer made to an unidentified former employee of Plaintiff. (*See* Dkt. 13 (Scott Decl.) ¶ 14.)

Defendant's Reply to Opposition
to Motion to Dismiss - 3
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

### 3. *Twentieth Century Fox TV* Controls and the First Amendment Protects Franklin Covey's Book Title.

Franklin Covey does not argue that "the First Amendment automatically trumps trademark rights[.]" (Opp. at 17.)  Far from it.  However, Plaintiff's argument that Franklin Covey's book is not a protected, expressive work is absurd.

Pursuant to the Ninth Circuit's formulation of the *Rogers* test, as expressed in *Twentieth Century Fox TV*, "the title of an expressive work does not violate the Lanham Act unless the title has no artistic relevance to the underlying work whatsoever, or, if it has some artistic relevance, unless the title explicitly misleads as to the source or the content of the work." *Twentieth Century Fox TV v. Empire Distribution,* 875 F.3d 1192, 1195-1196 (2017) (quoting *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989) (affirming that "'Empire' was protected by the First Amendment, and was therefore outside the reach of the Lanham") (explaining that "expressive works [are] differently from other covered works: because (1) they implicate the First Amendment right of free speech.").

Plaintiff concedes "the bar is typically low as to the first element of the artistic relevance prong[.]" (Opp. at 19.)  In *Gordon*, the Ninth Circuit case cited repeatedly by Plaintiff, the Court explained that "the level of artistic relevance of the trademark or other identifying material to the work *merely must be above zero*."  *Gordon v. Drape Creative, Inc.*, 897 F.3d 1184, 1193 (9th Cir. 2018).  Despite its concession as to the low bar, Plaintiff disingenuously attempts to distinguish commercial from expressive works under *Rogers*, and claims *Fierce Loyalty: Cracking the Code to Customer Devotion* is an unprotected commercial work. (Opp. at 18.)  Simply offering an expressive work for sale does not transform that work into a commercial work devoid of *Rogers* protection.  *Twentieth Century Fox TV,* 875 F.3d at 1196 ("*Empire* television show itself is clearly an expressive work"); *Rogers,* 875 F.2d at 997 ("Movies, plays, books, and songs are all indisputably works of artistic expression and deserve protection.").  And Franklin Covey's use of "fierce" in the title of its book is clearly artistically relevant to the book's contents.  (*See* Dkt. 10-

Defendant's Reply to Opposition
to Motion to Dismiss - 4
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

17 (Kolter Decl. Ex. 17) (Amazon look inside, describing *Fierce Loyalty: Cracking the Code to Customer Devotion*: "Loyalty is built one great experience at a time. . . . This book gets to the heart of the challenge many of us face: How do we consistently behave so people feel their experience with us was among the best they've ever had?".))[5]

Plaintiff goes on to misstate the second element's standard. Specifically, Plaintiff claims that "[u]nder the second prong . . . [t]he Court must ask whether the title of Defendant's Book, as used, is likely to confuse consumers and whether there is any indication in the product and the manner in which it is advertised and sold to cause such confusion."[6] (Opp. at 19.) The Ninth Circuit in *Twentieth Century Fox TV* defined "explicitly misleads" as requiring an "overt claim," or "explicit misstatement," *Twentieth Century Fox TV,* 875 F.3d at 1199, not as "any indication . . . of confusion." (Opp. at 19.)

In *Gordon*, the Court held that the jury could conclude "that defendants simply used [plaintiff's] mark in the same way that Gordon was using it-to make humorous greeting cards in which the bottom line is 'Honey Badger don't care.'" *Gordon,* 897 F.3d at 1196. Moreover, there was evidence of copying, as Gordon and the defendants had engaged in licensing discussions shortly before defendants developed their accused line of greeting cards. *Id.* at 1195. That is a far cry from the allegations here. By merely looking at the cover and complete title of Franklin Covey's book one sees the artistic expression beyond that represented by Plaintiff's marks. As explained in Franklin Covey's Motion to Dismiss, the front cover of the book shows the complete title: "*Fierce Loyalty: Cracking the Code to Customer Devotion*." (*See* Compl. ¶ 33.) Moreover,

---

[5] It is not premature to consider the application of *Rogers*. *Rogers* and the Ninth Circuit are silent on any prescribed time for consideration, and Plaintiff has cited to no authority to the contrary. (*See* Opp. at 18.)

[6] Plaintiff additionally cites nonbinding authority. In *Simon & Schuster v. Dove Audio*, 970 F. Supp. 279, 294, 296 (S.D.N.Y. 1997), the court applied Second Circuit law and stated that there was "compelling circumstantial evidence that Dove intentionally copied plaintiffs' mark." In *Warner Bros. Entm't v. Glob. Asylum, Inc.,* No. CV 12 - 9547 PSG (CWx), 2012 U.S. Dist. LEXIS 185695 (C.D. Cal. Dec. 10, 2012), the statement of the *Rogers* test is directly contrary to later Ninth Circuit law, particularly *Twentieth Century Fox TV*.

Defendant's Reply to Opposition
to Motion to Dismiss - 5
2:18-cv-01449-MJP

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

the cover references the "Loyalty Experts at Franklin Covey." *Id.* There is a reason why, prior to *Gordon*, "on every prior occasion in which [the Ninth Circuit has] applied the [*Rogers*] test, [the Ninth Circuit has] found that it barred an infringement claim **as a matter of law**." *Gordon*, 897 F.3d at 1187 (emphasis supplied.)

### B. PLAINTIFF'S UNREGISTERED TRADE DRESS REMAINS INSUFFICIENTLY VAGUE AND NOW INCLUDES MULTIPLE NEW ELEMENTS INJECTED INTO PLAINTIFF'S RESPONSE.

Much like its Complaint, Plaintiff's Opposition fails to articulate its trade dress. In fact, the Opposition highlights the imprecise pleading as to the "orange" dress and blurs the dress further by mixing in more colors and new design elements.

Because Plaintiff has no registration in its alleged trade dress, it must establish common law protection. *See generally* Lanham Act § 43(a), 15 U.S.C. § 1125(a) (protecting qualifying unregistered marks), § 32, 15 U.S.C. § 1114 (protecting registered marks); *Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205, 210 (2000). The only way for Plaintiff to establish protectable trade dress is to demonstrate secondary meaning. *Wal-Mart Stores*, 529 U.S. at 216. But Plaintiff has done no more than conclusively allege that it is outright "distinctive." (*See* Compl. ¶¶ 6, 21, 25; *see also* Opp. at 23 (asserting it "provided images to show . . . non-function[al] and distinctive".))[7] However, because colors cannot be inherently distinctive, this bold assertion is insufficient—Plaintiff needed to allege secondary meaning. *Wal-Mart Stores*, 529 U.S. at 216; *see also* TMEP § 1202.05(a): Color Marks Never Inherently Distinctive. Simply stating that the "fierce Orange" is distinctive fails as a matter of law.

Additionally, Plaintiff fails to consistently articulate what its supposed trade dress embodies. For example, Plaintiff continues to shift the definition of its trade dress as it relates to

---

[7] *Eliya, Inc. v. Steven Madden, Ltd.,* No. 15-CV-1272 (DRH)(SIL), 2018 U.S. Dist. LEXIS 6110, at *18-19 (E.D.N.Y. Jan. 11, 2018) (recommending dismissal of trade dress complaint with prejudice even though plaintiff included side by side photo comparisons because "purported trade dress are 'too broad to form a concrete expression of an idea.'").

Defendant's Reply to Opposition
to Motion to Dismiss - 6
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

the generic color orange.  (*Compare* Opp. at 1 (defining "Fierce orange" as "a distinctive shade of orange") *with id.* at 1, 3, 6, 22, 23 (not discussing "Fierce orange", just "distinctive orange" or "color orange") and *id.* at 6 (again, not using "Fierce orange" but describing the shade as "bright orange").)

Further, Plaintiff is now alleging for the first time that its dress includes two more generic colors: gray and white. (*See* Opp. at 3, 5 ("in conjunction with **gray *or* white**"); *id.* at 6, 23 ("**gray and/or white**"); *id.* at 22 ("**gray *and* white**, as shown in Fierce's Complaint") (emphasis supplied.) In addition to the new colors, Plaintiff now alleges for the first time that its dress includes "typeface" and "designs." (*Compare id.* at 3, 10 ("the trade dress that includes the orange color schemes, typefaces, and designs") (citing Compl. ¶ 36) *with* Compl. ¶ 36 (only listing "the orange color scheme").

Plaintiff attempts to cast as irrelevant its earlier non-orange versions of its books with various typefaces and divergent designs.[8]  (*See* Opp. at 22-23.)  Yet, Plaintiff's own allegations demonstrate the relevancy of the prior divergent designs.  (*See* Compl. ¶ 19 "***Since shortly after its founding, Fierce has also used the color orange in connection with almost everything it does, including . . . Susan Scott's books . . .***") (emphasis supplied.)  Plaintiff cannot credibly claim it has consistently used "Fierce orange" or "distinctive orange" or "bright orange" with "almost everything it does, including . . . Susan Scott's books" when many of the prior versions of these books contain other colors and vastly inconsistent design strategies.  *Id.*

Plaintiff's trade dress infringement claim as to its unregistered dress remains insufficiently vague and should be dismissed by this Court as a matter of law.

---

[8]  Plaintiff does not contest the request for judicial notice as to Dkt. Nos. 10-10 through 10-15 (Kolter Decl. Exs. 10-15) (depicting five other book covers of *Fierce Conversations: Achieving Success at Work & in Life, One Conversation at a Time*); *see* Section C *infra*.

Defendant's Reply to Opposition
to Motion to Dismiss - 7
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**C.    JUDICIAL NOTICE OF PUBLIC RECORDS IS PROPER AND JUDICIAL NOTICE IS OTHERWISE UNCONTESTED.**

Plaintiff attempts to strike trademark registrations properly submitted for judicial notice by Franklin Covey while asking the Court to take judicial notice of its own "cherry picked" and incomplete records. (*See* Opp. at 12; Dkt. Nos. 10-1 through 10-9 (Kolter Decl. Exs. 1-9); *see also supra* at pp. 2-3, n.3.) And unlike in the cases cited by Plaintiff, Opp. at 14-15, Franklin Covey is not requesting judicial notice of partial and incomplete USPTO records, but rather is requesting notice of complete trademark registrations. Moreover, as is clear from the face of the registrations, the objected-to registrations are for other "Fierce" marks from the same class (41) as Plaintiff's asserted marks. Plaintiff's protest that the registrations are in no way relevant to its Complaint is simply incorrect. (*See* Opp. at 12.) The Ninth Circuit recognized, just a few months ago, that judicial notice of an international patent application was within the trial court's discretion on a motion to dismiss. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Complete trademark registrations that are publicly available on the USPTO's website are no different. As to Franklin Covey's remaining ten exhibits, Plaintiff does not contest judicial notice and therefore concedes that those exhibits are properly before the Court. (*See* Dkt. Nos. 10-10 through 10-19 (Kolter Decl. Exs. 10-19).)

### III.    CONCLUSION

Defendant respectfully requests this Court grant its Motion to Dismiss.

//
//
//
//
//
//
//

Defendant's Reply to Opposition
to Motion to Dismiss - 8
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

| | |
|---|---|
| 1 | |
| 2  DATED this 16th day of November, 2018. | DORSEY & WHITNEY LLP |
| 3 | |
| 4 | *s/ J. Michael Keyes*<br>J. MICHAEL KEYES WSBA #29215 |
| 5 | KEYES.MIKE@DORSEY.COM<br>ERIN KOLTER WSBA #53365 |
| 6 | KOLTER.ERIN@DORSEY.COM<br>**Dorsey & Whitney LLP** |
| 7 | Columbia Center<br>701 Fifth Avenue, Suite 6100 |
| 8 | Seattle, WA 98104<br>(206) 903-8800 |
| 9 | |
| 10 | *Attorneys for Defendant Franklin Covey Co.* |

Defendant's Reply to Opposition
to Motion to Dismiss - 9
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

| | |
|---|---|
| Brian W. Esler, WSB No. 22168<br>brian.esler@millernash.com<br>Vanessa L. Wheeler, WSB No. 48205<br>vanessa.wheeler@millernash.com<br>MILLER NASH GRAHAM & DUNN LLP<br>Pier 70 – 2801 Alaskan Way, Suite 300<br>Seattle, WA 98121<br>Tel:  206-624-8300<br>Fax:  206-340-9599 | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |

Attorneys for Plaintiff Fierce, Inc.

Dated this 16th day of November, 2018.

                                            *s/ J. Michael Keyes*
                                            J. Michael Keyes

Defendant's Reply to Opposition
to Motion to Dismiss - 10
2:18-cv-01449-MJP

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820