|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| FIERCE, INC, | | CASE NO. C18-1449-MJP |
| | Plaintiff, | ORDER REQUESTING<br>ADDITIONAL BRIEFING |
| v. | | |
| FRANKLIN COVEY CO, | | |
| | Defendant. | |

The Court is in receipt of the parties' February 28, 2019 Joint Supplement. (Dkt. No. 39.) In this submission, Fierce Inc. indicates that it does not seek to enjoin publication of Franklin Covey's forthcoming book, which has been retitled *Leading Loyalty: Cracking the Code to Customer Devotion* ("*Leading Loyalty*"). (Id.) However, Fierce Inc. believes that a preliminary injunction should issue with respect to Franklin Covey's ongoing use of www.fierceloyalty.com "and any other confusingly similar uses of the FIERCE family of marks." (Id.) In particular, Fierce Inc. identifies the following concerns:

**(1) Domain Name**

Currently, www.fierceloyalty.com redirects viewers to a separate website managed by Franklin Covey, www.leadingloyaltybook.com. (Id.) This website displays an image of *Leading Loyalty*, and invites readers to pre-order the book, read an excerpt, and request a "complimentary author keynote, work session, or webinar." See Leading Loyalty: Cracking the Code to Customer Devotion, http://www.leadingloyaltybook.com/ (last visited Mar. 5, 2019). The website does not appear to contain any references to Fierce Inc. or to the book's previous title. (Id.)

Fierce Inc. contends that Franklin Covey is continuing to use the domain name "to capture and direct internet traffic to its new website," and "to trade on Fierce's family of FIERCE marks and to create consumer confusion to drive sales of its book and the more lucrative associated services Franklin Covey offers." (Dkt. No. 39.) Fierce Inc. notes that www.leadingloyaltybook.com also uses "a similar hue of orange."[1] According to Fierce Inc., use of the domain name is "the most important issue that remains to be decided." (Id.) Franklin Covey's response does not specifically identify its plans for www.fierceloyalty.com. (Id.)

**(2) Remaining References to *Fierce Loyalty***

While conceding that Franklin Covey "appears to have removed most mentions of FIERCE" from the excerpts of *Leading Loyalty* that appear on www.leadingloyaltybook.com, Fierce Inc. raises concerns about references to the book's former title on third-party websites, including Amazon.com, 800CEORead.com, BarnesandNoble.com. (Id.) Fierce Inc. raises

---

[1] Although it does not seek to enjoin publication of *Leading Loyalty*, Fierce Inc. "reserves all rights to seek damages, accountings, permanent injunctive relief and any other relief available for any infringement shown, including from Franklin Covey's use of a color confusingly similar to Fierce Orange on the cover of the new book." (Dkt. No. 39.)

similar concerns about videos posted on Franklin Covey's YouTube and Facebook pages, which it claims "continue to discuss and promote" *Fierce Loyalty*. (Id.); see also *FranklinCoveys Loyalty Practice Leader – Sandy Rogers*, Youtube (last visited Mar. 5, 2019), http://www.youtube.com/watch?v=kyVrfnVLLqk; *3 Principles to earn fierce loyalty*, Youtube (last visited Mar. 5, 2019), http://www.youtube.com/watch?v=I9nP3gXMRqo; FranklinCovey, *Leena Rinne on Fierce Loyalty*, Facebook (last visited Mar. 5, 2019), http://www.facebook.com/watch/?v=242588666598572.

Franklin Covey's response indicates that it "is in the process of ensuring that the title is changed in all relevant marketing collateral" and "will endeavor to have the changes made by March 20, 2019." (Dkt. No. 39.) However, it "is only able to change references to the title that are within its control, not all references made by third parties" and "reserves the right to use the word 'fierce' in a descriptive sense in [*Leading Loyalty*] or related materials." (Id.) Additionally, Franklin Covey notes that it "will continue to use the color orange on the cover of [*Leading Loyalty*] and for related materials" and "reserves the right to use the word 'fierce' in a title or elsewhere for future works." (Id.)

As Fierce Inc.'s claims with respect to the publication of *Fierce Loyalty* are no longer at issue, the Court is now faced with the challenge of squaring the parties' earlier briefing on the Motion to Dismiss and Motion for Preliminary Injunction—which set forth the standard for trademark infringement involving *books*—with their existing dispute—which in essence involves only a *domain name*. Because the parties have not had a meaningful opportunity to brief this issue, the Court hereby ORDERS the parties to file supplemental briefing limited to the following questions:

(1) Assuming that Fierce Inc. has a valid, protectable interest in the FIERCE mark, is Franklin Covey's use of the domain name www.fierceloyalty.com likely to result in consumer confusion? What role does the doctrine of "initial interest confusion" have in this analysis?

(2) Does using a competitor's trademark in a domain name and then redirecting web traffic to one's own website constitute infringement?

(3) Do the "fair use" and First Amendment defenses asserted by Franklin Covey in its Motion to Dismiss apply in the context of a domain name?

Opening briefs shall be due on March 18, 2019, and shall be limited to twelve (12) pages.

Any responses shall be due on March 22, 2019, and shall be limited to six (6) pages.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 6, 2019.

_____
Marsha J. Pechman
United States District Judge